ANSTEAD, Judge.
This is an appeal from a final summary judgment entered in favor of appellees, a physician and a hospital, on the claim of appellant, Scott Schley, that the appellees negligently caused a portion of a drill bit to break off and remain deposited in appellant’s ankle. At oral argument the appellants conceded the correctness of the summary judgment as to the appellee, Palm Beach Martin County Medical Center, Inc., and we affirm that judgment. However, we reverse the summary judgment on the claim against the appellee, D. Barry Lot-man.
The appellant alleged that Dr. Lotman used the drill bit in an improper fashion during a surgical procedure to reduce appellant’s fractured ankle. In support of his motion for summary judgment Dr. Lotman submitted the affidavit of a physician who expressed an opinion therein that Dr. Lot-man’s “reduction and fixation” of appellant’s fractured ankle was within acceptable medical standards, and that appellant’s present complaints of pain in the ankle were caused by the fracture and the presence of a wire device used to secure the fracture rather than by the drill bit. This physician offered no opinion as to whether the drill bit broke from improper use or some other cause. In sworn answers to interrogatories Dr. Lotman stated that he did not know why the drill bit broke. In those answers he also stated that the healing of appellant’s injury was delayed because of prolonged surgery time. The prolonged surgery time referred to was apparently the extra time consumed in unsuccessfully attempting to retrieve the broken drill bit, and in switching to an alternative means of fixation after the drill bit broke and attempts to utilize a screw to secure the fracture were abandoned.
To secure a summary judgment Dr. Lot-man had the burden of proving the absence of a genuine issue of material fact as to the appellants’ claim of malpractice. Holl v. Talcott, 191 So.2d 40 (Fla.1966). In this case that meant Dr. Lotman had to demonstrate that there was no issue as to whether the drill bit broke as a result of his improper use of the drill. In our view he failed to sustain that burden. There is no affirmative evidence in the record as to the cause of the failure of the drill bit.[1] The lack of evidence on this issue does not establish the absence of a genuine issue as to Dr. Lot-man’s responsibility. Rather, it leaves the issue unresolved.
Dr. Lotman also contends that he was entitled to a summary judgment because *88 the other physician’s affidavit established that the appellant’s present complaints were unrelated to the presence of the drill bit. However, in our view the presence of the drill bit in Mr. Schley’s ankle combined with the admitted complications that resulted from the drill bit breaking preclude a resolution of the case on that basis.
Accordingly, for the reasons set out above the judgment in favor of appellee, D. Barry Lotman, is hereby reversed and the judgment in favor of appellee, Palm Beach Martin County Medical Center, Inc., is hereby affirmed.
HURLEY and DELL, JJ., concur.

. Although not cited by any of the parties we note that Section 768.45(4), Florida Statutes (1977) provides that the presence in the body of surgical tools or any paraphernalia commonly used in surgical procedures shall be prima facie evidence of negligence on the part of the physician.